SAMUEL, Judge.
Defendants appeal only on the issue of quantum. The judgment appealed from was rendered against the defendants in the sum of $13,036.95 for injuries received by plaintiff in an automobile collision.[1] Medical expenses were proven as awarded, and appellant makes no complaint about the award for loss of wages. Thus, we are concerned here only with the $11,000 award for pain and suffering, which appellants contend is excessive.
Plaintiff was injured on December 19, 1975. He struck his left knee on the steering wheel, his neck snapped backward and forward and he felt pain in his back. He attempted to get medical attention at Charity Hospital but was ineligible and treated himself until seen by a doctor on January 5, 1976.
Dr. Mina Yumukoglu, the treating physician, testified: Plaintiff’s complaints on that first visit were limited to pain in the low mid-line area of the back and the left patella region. A complete physical was performed and x-rays of the left knee and lumbar area were taken. No restriction of motion or muscle spasms were noted. There was tenderness in the back area and over the anterior aspect of the patella. He concluded plaintiff sustained a moderate to severe strain of the back, and a strain and contusion of the knee. A knee support, bed rest, hot baths and local steam were recommended and a prescription for muscle relaxants and pain medication was given.
On January 12, there were no further knee complaints, but plaintiff still had pain in the back, and new complaints of pain in the neck and nervousness. Examination of the neck revealed a 5% limitation of motion, and there was a 10% restriction in the back. X-rays of the neck were taken, librium was prescribed and the use of a neck collar recommended.
On January 28, the examination was normal but plaintiff still had back complaints. He was told to continue medication and physical therapy. Bills submitted indicate plaintiff received fourteen physical therapy treatments from January 7, to February 12, 1976.
When last seen on March 15, 1976, the examination was negative but plaintiff still complained his neck hurt. He was advised to continue physical therapy. The physical therapy bill submitted does not indicate plaintiff followed this advice, nor does the record reflect that plaintiff returned to this or any other doctor for medical treatment between the date last seen until the time of trial some 2V2 years after the accident.
The lay evidence relative to plaintiff’s injuries was given by plaintiff and Lawrence Alexander, a former boy friend of plaintiff’s sister.
Plaintiff testified he still had back pain at the time of trial, that he had tried to get further medical treatment but did not have money to see a doctor and had lost his job as a result of the accident because he missed too much time from work.[2] There is no evidence of how long plaintiff was unemployed after the accident but he worked later as a carpenter and on the riverfront *542 and lost both jobs because of his criminal record. On the date of trial he was serving a term in parish prison where he works in the metal department. Part of his job involves mopping, and when he does this his back hurts.
Lawrence Alexander testified he is a deputy sheriff. He sees plaintiff in prison and knows he works in the prison hospital, and knows plaintiff has back trouble because plaintiff complains about his back “on and off". Alexander has tried to get medication for plaintiff for the back pain. There is no testimony that plaintiff received or requested medical treatment in prison, although presumably payment (which he claims precluded further medical treatment) would not be his problem there.
In summary, from the medical evidence, we conclude plaintiff had a contusion and strain of the knee which resolved itself within one month, and a moderate to severe back strain for which he received treatment for three months. The evidence convinces us that the injuries received in the accident were of a minor nature requiring only four visits to a doctor, physical therapy for 5 weeks, and with no residual disability.
In following the guidelines set for us by the Supreme Court in the case of Coco v. Winston Industries, Inc.,[3] we believe the record clearly demonstrates that the jury abused its discretion in making its award. We therefore reduce the award only to the extent of lowering it to the highest point which we believe is reasonably within the discretion afforded the trier of fact.
For the foregoing reasons, the judgment appealed from is amended so as to reduce the total amount awarded from the sum of $13,036.95 to the sum of $7,036.95.[4] As thus amended, and in all other respects, the judgment appealed from is affirmed. Costs in this court are to be paid by plaintiff-ap-pellee.

AMENDED AND AFFIRMED.

. The award was itemized as follows: Medical expenses, $536.95; lost wages, $1,500; pain and suffering, $11,000.

. Testimony relative to his work was given by his employer’s business manager. Plaintiff had been employed by an automobile dealership since October, 1975 until his termination on January 14, 1976. He had missed a few days work after the accident but there was no notation in the records as to why plaintiff was discharged.

. La., 341 So.2d 332.

. The award of $11,000 by the jury for pain and suffering is reduced to $5,000.